IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RAY D. WOLFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-3192-CV-S-SWH |
| ) | |
| GREENE COUNTY, MISSOURI, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

ORDER

Plaintiff, appearing pro se, commenced this action by filing a Complaint on May 8, 2006, against Greene County, Missouri, the City of Republic, the Republic Police Department, and Mike Hurney, a Republic Police Officer, Joshua Terrel, a Greene County Assistant Prosecuting Attorney and Jason Brown, a Greene County Associate Circuit Judge, in both their individual and official capacities. Plaintiff's Complaint arises out of a speeding ticket issued by Officer Hurney which was prosecuted by Mr. Terrel and tried before Judge Brown. According to plaintiff, his trial on the speeding ticket was held on September 15, 2005. Plaintiff Wolfe was found guilty of speeding.

Plaintiff's Complaint seeks actual and punitive damages under both state and federal law– 42 U.S.C. § 1983 (Count I); 42 U.S.C. § 1985(3) (Count II); intentional infliction of emotional distress (Count III); and defamation (Count IV). In response to the Complaint, each defendant moved for a dismissal of the action:

(1) Separate Defendants Greene County, Missouri and Josh Terrel's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion to Strike (doc #3);

(2) Motion to Dismiss (filed by the Republic Police Department) (doc #7);

(3) Notice of Endorsement [of motion to dismiss filed by Greene County and Josh Terrel] (filed by the City of Republic and Mike Hurney) (doc #9); and

(4) Defendant's Motion to Dismiss (filed by the Honorable Jason Brown) (doc #12).

Initially, plaintiff did not file an opposition to these motions. Thus, on July 17, 2006, the Court directed plaintiff to show cause why the motions to dismiss should not be granted. On August 8, 2006, plaintiff responded by filing an objection to each of the motions to dismiss. (See doc ##16, 17 and 18) Thereafter, Greene County, Josh Terrel and Jason Brown filed reply briefs (doc ##19 and 20) and plaintiff filed another objection (doc #21).

For the reasons set forth herein,[1] the Court concludes that defendant's motions are well taken and this case must be dismissed.

## I. BACKGROUND

Plaintiff's Complaint alleges in part:

6. On or about 19 February 2005, Plaintiff (Wolfe) was traveling in his automobile on east of Republic on highway 60 when Republic police officer Hurney pulled in behind plaintiff.

7. Officer Hurney pulled defendant over on farm road 93 and made a false accusation that defendant was speeding. Officer Hurney informed plaintiff that he was traveling 72 mph in a 60 mph zone.

8. Trial was held on September 12, 2005, and a motion in limine was submitted to the court by Terrel, (then asst. prosecutor) and with objection of Wolfe (then defendant, now plaintiff) being overruled by Brown (then Judge) that restricted defendant (now plaintiff) from raising issues of law to the jury, in violation of various Supreme court rulings:

\* \* \*

---

[1] Defendants set forth various arguments in their motions to support the dismissal of plaintiff's claims. The fact that this Order does not address all of defendants' arguments should not be construed as a rejection of those arguments not addressed.

2

> 9. The trial court committed various Constitutional violations against defendant Wolfe (Now plaintiff). and had erred in its decision by its failure to fully consider the constitutional issues and rights of the Defendant (now plaintiff) involved in this case. The trial court had arbitrarily set aside the rights of the Wolfe and had based its decisions solely on statute law.

(Complaint at ¶¶ 6-9)

Plaintiff claims throughout his complaint that the right to liberty includes the right to travel (see Complaint at ¶ 12), that plaintiff has "an inherent, constitutional, and inalienable right to travel in his automobile on the public roads and streets, whether in Missouri or anywhere else in the United States (id. at ¶ 24), and that the inalienable right to travel on public highways "includes the use of an automobile as a means of conveyance" (id. at ¶ 30). Additionally, plaintiff alleges that the City of Republic's ordinances are not lawful and that Greene County Circuit Court did not have subject matter jurisdiction. (Id. at ¶¶ 31 and 32)

## II. LEGAL ANALYSIS

### A. Applicable Legal Standards

Dismissal pursuant to Rule 12(b)(6) for failure to state a claim is warranted only in a case in which a plaintiff can prove no set of facts that would entitle him to relief. See Hilton v. Pine Bluff Pub. Sch., 796 F.2d 230, 231 (8th Cir. 1986). For purposes of ruling on a motion to dismiss, the court must accept as true all of the complaint's well-pleaded allegations and construe them in the light most favorable to the plaintiff. Id. However, the plaintiff must allege sufficient facts on which a recognized legal claim may be based.

### B. Judicial Immunity

The Honorable Jason Brown seeks the dismissal of all claims brought against him on the basis that judges are granted absolute immunity from suit for money damages when acting in their

judicial capacity. (Defendant's Motion to Dismiss (doc #12) at 2) None of the plaintiff's objections, see doc ##16, 17, 18 and 21, address the issue of judicial immunity.

It is well established that judges are entitled to absolute immunity from damages for their judicial conduct. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991). The doctrine of judicial immunity was developed as a mechanism for discouraging collateral attacks on a judgment by suing the judge and helping to establish the appellate process as the system for correcting judicial error. See Forrester v. White, 484 U.S. 219, 225 (1988). In this case, it is clear that plaintiff is complaining about actions and conduct of Judge Brown in his capacity as a judge. Plaintiff alleges that Brown kept him from raising certain issues at trial (Complaint at ¶ 8), erred in fully considering plaintiff's constitutional issues and rights (id. at ¶ 9), failed to protect the plaintiff's rights (id. at ¶ 10), trampled over the meaning of the state constitution (id. at ¶ 22), and ignored facts concerning plaintiff's constitutional right to travel without interference by the state (id. at ¶ 24). Even allegations of error, such as those raised by plaintiff, do not deprive a judge of judicial immunity. See Sierzega v. Ashcroft, — F.Supp.2d —, 2006 WL 2061362, *7 (D. Or. July 21, 2006).

Plaintiff has also attempted to raise an issue concerning whether the Greene County Circuit Court even obtained subject matter jurisdiction over his case. (See Complaint at ¶ 32) However, as the Supreme Court has recognized:

> If judicial immunity means anything, it means that a judge "will not be deprived of immunity because the action he took was in error ... or was in excess of his authority." [Stump v. Sparkman, 435 U.S. 349, 356 (1978).] See also Forrester v. White, 484 U.S., at 227, 108 S.Ct., at 544 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). Accordingly, as the language in Stump indicates, the relevant inquiry is the "nature" and "function" of the act, not the "act itself." 435 U.S., at 362, 98 S.Ct., at 1108.

Mireles v. Waco, 502 U.S. 9, 12-13 (1991).

4

The Court concludes that plaintiff's complaints against Judge Brown are exactly the type of judicial activity for which immunity is absolute. To the extent plaintiff was dissatisfied with the outcome of his trial, his remedy was to appeal, not file a lawsuit against the judge. On the basis of the allegations of the Complaint, it is clear that Judge Brown is entitled to the dismissal of all claims against him on the basis that he is immune from a plaintiff's claims of money damages.

C. Prosecutorial Immunity

The same considerations that underlie the concept of judicial immunity have caused courts to conclude that prosecutors are immune from suit for actions taken within the course of their duties. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976)(holding the same absolute immunity that prosecutors have under common law applies to actions brought under 42 U.S.C. § 1983, even in a case where the conviction has been set aside on appeal). In adopting a rule of absolute immunity for prosecutors acting within the course of their duties, the Court explained:

> Various post-trial procedures are available to determine whether an accused has received a fair trial. These procedures include the remedial powers of the trial judge, appellate review, and state and federal post-conviction collateral remedies. In all of these the attention of the reviewing judge or tribunal is focused primarily on whether there was a fair trial under law. This focus should not be blurred by even the subconscious knowledge that a post-trial decision in favor of the accused might result in the prosecutor's being called upon to respond in damages for his error or mistaken judgment.

424 U.S. at 427 (footnote omitted). See also Kalina v. Fletcher, 522 U.S. 118, 129 (1997) (prosecutor's activities in connection with preparing and filing charging documents are protected by absolute immunity); Keating v. Martin, 638 F.2d 1121, 1122 (8th Cir. 1980)(prosecutor was entitled to dismissal of section 1983 action where all allegations of complaint arose from actions taken by prosecutors in course of performance of their official duties.)

Here, the only specific mention of the prosecutor is the claim that Mr. Terrel, over plaintiff's

5

objection, filed a motion in limine. (Complaint at ¶ 8) In addition, plaintiff's assertion that he has the right to travel on public roads in an automobile without interference would seem to suggest that plaintiff is also complaining about the prosecutor's decision to file charges and proceed to trial in this case. However, all of these actions were undertaken in Mr. Terrel's role as an advocate for the State, and thus, are protected by absolute immunity.

        D.        Rooker-Feldman Doctrine

Defendants have also sought dismissal of this action on the basis of the Rooker-Feldman doctrine. According to defendants, there was a guilty verdict to the charge of speeding on September 13, 2005,[2] and a sentence was imposed on November 7, 2005. (See Suggestions in Support of Separate Defendants Greene County, Missouri and Josh Terrel's Motion to Dismiss, or in the Alternative, Motion to Strike (doc #4) at 2) According to defendants, plaintiff is using this action to seek relief from the guilty verdict in Greene County by alleging that the charge and trial violated his constitutional right to travel on the public highway without interference. In response to the motion, plaintiff reiterates his claim that the trial court committed various constitutional violations and erred by failing to consider certain constitutional issues. (See Motion to Object Separate Defendants Greene County, Missouri and Josh Terrell's Motion to Dismiss Plaintiff's Complaint, and Motion to Strike (doc #16))

The Rooker-Feldman doctrine states that federal district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. See Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995). The only court with jurisdiction to review decisions

---

[2] Plaintiff's Complaint alleges that the trial was held on September 12, 2005 (Complaint at ¶ 8) and that the defendants committed various violations in finding plaintiff "guilty of speeding" (id. at ¶ 50)

6

Case 6:06-cv-03192-SWH   Document 23   Filed 09/11/06   Page 6 of 9

of state courts is the United States Supreme Court. Id. A federal court can hear general constitutional challenges if these claims are not inextricably intertwined with claims asserted in state court. Id. "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Id. See also Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034-35 (8th Cir. 1999); In re Goetzman, 91 F.3d 1173, 1177 (8th Cir.), cert. denied, 519 U.S. 1042 (1996). The Eighth Circuit has applied the Rooker-Feldman doctrine even where the claimant contends that he did not have a fair opportunity to be heard in the state court, holding that relief must be sought through appellate review in the state courts. See Goetzman, 91 F.3d at 1178.

It is clear that plaintiff Wolfe is alleging that the court and other officials violated his constitutional rights in the state court trial of his speeding ticket. The actions of these officials in connection with his prosecution, trial and guilty verdict, which apparently lead to the imposition of a fine (see Complaint at ¶ 40), provides the basis for plaintiff's claims. The federal claim is inextricably intertwined with the state prosecution and adverse verdict. As the Supreme Court has recognized, Rooker-Feldman precludes "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Thus, this Court is barred from considering the claims raised by plaintiff's Complaint.

    E.    <u>Pendent State Claims</u>

Counts I through III of the Complaint clearly seek relief from the judgment of the state court. Count IV alleges defamation against all defendants on the basis that they presented false statements

7

which they knew would be relied on by other sources such as the Department of Revenue. To the extent an argument exists that the Rooker-Feldman doctrine would not prevent plaintiff from maintaining an action for defamation for statements made in April of 2006, dismissal of the state defamation claim would be appropriate for other reasons.

This Court has supplemental jurisdiction over the state law claims which were joined with the federal claims by virtue of 28 U.S.C. § 1367(a). However, a court may decline to exercise its supplemental jurisdiction under subsection (a) if:

>    (1)   the claim raises a novel or complex issue of State law,
>
>    (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>    (3)   the district court has dismissed all claims over which it has original jurisdiction, or
>
>    (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Because defendants are entitled to the dismissal of all federal claims, Counts I and II of the Complaint, under the Rooker-Feldman doctrine, the basis for federal jurisdiction no longer exists. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Having dismissed the federal claims, no overriding interests of judicial economy or efficiency warrant the exercise of this Court's supplemental jurisdiction. See Weisman v. Sherry, 514 F. Supp. 728, 734 (M.D. Pa. 1981)(refusing to hear a malicious prosecution claim after dismissing the civil rights claims on the grounds that the needless adjudication of Pennsylvania law by a federal court should be avoided).

8

## III. CONCLUSION

For the reasons set forth above, it is

ORDERED that this action is dismissed as to each defendant.

                                                               */s/ Sarah W. Hays*
                                                              SARAH W. HAYS
                                       UNITED STATES MAGISTRATE JUDGE